-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARWIN J. FIFIELD Sr., 04B0814,

       Plaintiff,

    -v-                              07-CV-6521L

Mrs. D. EATON,                    **ORDER**

       Defendant.

---

### INTRODUCTION

Plaintiff, Darwin Fifield, Sr., an inmate of the Wyoming Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendant, Mrs. D. Eaton, a Senior Counselor at the Gowanda Correctional Facility, violated his rights by insisting that plaintiff, as part of a mandated Sex Offender Program unlawfully incriminate himself by confessing to criminal activity that he claims he did not commit, and for which he was not convicted. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, one of his claims is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See* Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98, 2007 WL 1989336, *5 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both §§ 1915 and 1915A). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the

2

complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that one of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted.

**Fifth Amendment Claim**

As a general proposition, prisoners who participate in sex offender counseling do not have a claim for violation of self-incrimination rights in cases where they are required to admit to conduct underlying the offense. Johnson v. Baker, 108 F.3d 10 (2d Cir.1997). However, here, plaintiff alleges that he was removed from the counseling program against his will because he refused to admit to conduct which he claims he did not commit, and which went beyond his underlying conviction. Plaintiff alleges that he has suffered harm as a result, including a change of security status,

3

disciplinary sanctions, loss of good time credits, and delayed consideration for parole.

The Court cannot say, at this initial stage, that plaintiff could not show that his constitutional right to be free from self incrimination was violated when he was involuntarily removed from the Sex Offender Counseling Program because he would not admit to illegal conduct which he alleges he did not commit, or conduct of which he was not convicted, and as a result, may "extend his prison term or affect his eligibility for good-time credits or parole."[1] McKune v. Lile, 536 U.S. 24, 36, 38 (2002); See also Donhauser v. Goord, 314 F.Supp.2d 119, 125- 126 (2004)(requiring plaintiff as part of the SOCP to divulge a history of sexual conduct, including illegal acts for which no criminal charges have been brought, or else face a loss of good time credits, violates his Fifth Amendment privilege against self-incrimination.); United States v. Jones, 299 F.3d 103, 110 (2d Cir.2002) ("The Supreme Court has identified the key inquiry in determining whether a violation of the right against compelled self-incrimination has occurred 'as whether the accused was deprived of his free choice to admit, to deny, or to refuse to answer'") (quoting Garrity v. New Jersey, 385 U.S. 493,

---

[1] "[T]he court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself." Chance v. Armstrong, 143 F.3d 698, 698 n.1 (2d Cir. 1998); see Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

4

496 (1967)) Plaintiff's claim to damages may go forward at this time.

**Claim For Release**

Plaintiff, as part of his request for relief, asks that he be immediately released from custody. It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In this case, plaintiff has filed a complaint alleging the violation of his civil rights, and has brought any habeas corpus claims. Accordingly, plaintiff's claim for release from prison is denied.

**CONCLUSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed in forma pauperis is hereby granted. For the reasons discussed above, plaintiff's claim for immediate release is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on D. Eaton regarding the remaining claims. The Clerk of Court is directed to file the exhibits attached to the complaint manually as they include information about a minor victim that should not be available on the internet.

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the claim for immediate release is dismissed without prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon D. Eaton without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the Clerk of the Court is directed to file the exhibits attached to the Complaint manually as they include information about a minor victim that should not be available on the internet.

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the complaint.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   November 21, 2007
         Rochester, New York