UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARWIN J. FIFIELD, SR.,

                Plaintiff,

      v.

D. EATON,

                Defendant.
_____

DECISION & ORDER

07-CV-6521L

        Plaintiff Darwin Fifield ("Fifield") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that defendant Eaton, a counselor with the New York State Department of Correctional Services ("DOCS"), violated various of his constitutional rights by punishing him for not admitting to crimes that he did not commit. (Docket # 1). Specifically, Fifield asserts that defendant unlawfully terminated him from participation in the DOCS' Sex Offender Program ("SOP") when he refused to admit to certain criminal conduct contained in the victim's statement. Fifield alleges that he did not engage in that conduct and that his unlawful termination from that program resulted in a longer term of imprisonment than he otherwise would have served. (Docket # 15, "Fifield Aff." at ¶¶ 5-25).

        Fifield has filed four motions that are currently pending before this Court: a motion for discovery, filed on August 12, 2008 (Docket # 11); a motion to compel discovery, filed on January 13, 2009 (Docket # 30); and, two motions for appointment of counsel, filed on February 24, 2009 and March 20, 2009. (Docket ## 38, 44).

## I. Plaintiff's Discovery Motions

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery" of evidence) (quoting Fed. R. Civ. P. 26(b)(1)); *American Banana Co. v. Republic Nat'l Bank of New York*, 2000 WL 521341, *2 (S.D.N.Y. 2000) ("Rule 26 plainly allows discovery related to the claims and defenses of any party").

Although the scope of discovery under the Federal Rules is broad, it is not without limitation. "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also* Fed. R. Civ. P. 26(b)(2)(C). Even when the material in question is discoverable under the rules, "the Court still has considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms." *Jones v. Goord*, 2002 WL 1007614, *6 (S.D.N.Y. 2002).

On July 24, 2008, defendant filed initial disclosures pursuant to Fed. R. Civ. P. 26. (Docket # 10). Approximately two weeks later, Fifield filed a motion for discovery.

(Docket # 11). His motion is essentially a request for the production of documents, rather than a motion to compel, since Fifield had not previously requested the documents sought in the motion. Defendant responded to the motion, objecting to some of the requests and declaring that some of the documents requested had already been produced in the Rule 26 disclosures. (Docket # 13). Fifield then filed a reply to defendant's response, as well as a second motion to compel, again requesting the production of certain documents sought in his first motion. (Docket ## 30, 39). The reply and the motion to compel raise the following issues.

Fifield requests "[t]he document that all sex offenders must write when entering the [SOP]," specifically, the "crime summary sheet" that he completed when he entered the SOP. (Docket # 11 at ¶¶ 2-3). Defendant initially responded that a redacted copy of this document was provided to plaintiff as Exhibit C in the Rule 26 disclosures. (Docket ## 13 at ¶ 1, 39 at ¶ 2). Fifield maintains, however, that the document defendant produced is not the one he seeks. He explains that he recalls that the original document contained statements handwritten in red ink by a counselor accusing him of multiple instances of rape; those notations are missing from the copy provided in Exhibit C. (Docket ## 15 at ¶¶ 1-6, 30 at ¶¶ 7-8).

On this record, defendant is directed to compare the redacted copy to the original document to determine whether the material redacted is consistent with the notations Fifield has described. If so, defendant is directed to produce by April 13, 2009, an unredacted copy to Fifield or the original to the Court for *in camera* inspection to assess the appropriateness of the redactions. If not, defendant shall serve and file by April 13, 2009, an affidavit describing the search undertaken to locate the document Fifield has described.

3

Fifield also moves to compel production of the original of page eight of Exhibit B in defendant's initial disclosure because he believes that the copy he received reflects alterations from the original. Specifically, he contends that the victim's age has been changed and that the second paragraph has been rewritten. (Docket ## 11 at ¶¶ 6-7, 30 at ¶¶ 4-6). Defendant represents that the document was provided without alteration, except minor redactions to protect the identity of the victim. (Docket # 13 at ¶¶ 5-6). On this record, the Court directs defendant to confirm the adequacy of the search undertaken to locate the "original" described by Fifield. Defendant shall serve and file by April 13, 2009, an affidavit describing the search and the results of the search.

Fifield seeks homework assignments he completed during his enrollment in the SOP. (Docket ## 11 at ¶ 8, 30 at ¶¶ 9-10). Since he filed the motion to compel, defendant has produced the one homework assignment that is contained in Fifield's file. (Docket # 39). Plaintiff's motion to compel these records is thus denied as moot.

The final dispute concerns Fifield's request for "all documents relevant to Ms. D. Eaton's education, including, but not limited to scholastic and specialized training to be a sex offender counselor." (Docket # 11 at ¶ 9). Defendant objects to this request as irrelevant and privileged, but does not identify the specific privilege she invokes. (Docket # 13 at ¶ 8). As to the relevance objection, I cannot agree that information concerning defendant's qualifications and training is irrelevant to Fifield's claims, which necessarily encompass the reason he was terminated from the SOP. Fifield claims that defendant was the DOCS' official who oversaw the SOP and made the decision to terminate him. (Docket # 15 at ¶ 2).

Fifield's request for all documents relevant to Eaton's education is overbroad, however. Rather, defendant is directed to provide Fifield with documents reflecting whether Eaton attended and completed college or graduate-level courses (although the identity of the college and graduate school need not be disclosed). Eaton shall also produce documents that identify the training that she has received to qualify her as a sex offender counselor. Those documents shall identify the particular courses or programs she has attended and the dates of that training.

## II. Fifield's Motions to Appoint Counsel

I note at the outset that the instant motions to appoint counsel are the second and third that Fifield has filed this year. (Docket ## 38, 44). His first motion was denied by United States District Judge David G. Larimer on February 6, 2009. (Docket # 32). Fifield raises the same issues in the pending motions that he raised in his first motion, namely, that unknown DOCS' employees allegedly ransacked and tore apart his legal materials, rendering then unusable. (Docket ## 31, 38, 44). Since his first motion, Fifield has been moved to a new facility.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

5

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this

time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, Fifield has failed to do. Nor do the legal issues in this case appear to be complex, and Fifield has demonstrated his ability to pursue and present his claims.

Accordingly, Fifield's motions for the appointment of counsel (Docket ## 38, 44) are denied without prejudice at this time.

## CONCLUSION

For the foregoing reasons, plaintiff's discovery motions **(Docket ## 11, 30)** are **GRANTED in PART** and **DENIED in PART**, and plaintiff's motions for appointment of counsel **(Docket ## 38, 44)** are **DENIED**.

**IT IS SO ORDERED.**

                                    *s/Marian W. Payson*
                                    MARIAN W. PAYSON
                                    United States Magistrate Judge

Dated: Rochester, New York
       March   30  , 2009